FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2016 MAR 31 A 10: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| Federal National Mortgage Association | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16cv350 |
| | ) | GBL/TCB |
| Epicurean Foods, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RC CT Avenue Restaurant, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Chang W. Chon | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Gap Sun Lee (aka Gap Sun Koo) | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Myung Taek Rhim | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Sang Hwa Han | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Hui C. Han, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Federal National Mortgage Association, by counsel, and moves for judgment against the Defendants on the grounds and in the amount as hereinafter set forth:

## PARTIES

1. Plaintiff Federal National Mortgage Association (herein referred to as "Fannie Mae") is a corporation that is organized and existing under the laws of the United States of America with a principal place of business in the District of Columbia.

2. Upon information and belief, at all times relevant to this matter (including but not limited to the time at which this matter was commenced), Defendant Epicurean Foods, LLC, is a limited liability company organized and existing under the laws of the District of Columbia.

3. Upon information and belief, at all times relevant to this matter (including but not limited to the time at which this matter was commenced), one (1) or more of the members of Epicurean Foods, LLC, namely Defendant Sang Hwa Han, resides in Annandale, Fairfax County, Virginia.

4. Upon information and belief, at all times relevant to this matter (including but not limited to the time at which this matter was commenced), Defendant RC CT Avenue Restaurant, LLC, is a limited liability company organized and existing under the laws of the District of Columbia.

5. Upon information and belief, at all times relevant to this matter (including but not limited to the time at which this matter was commenced), one (1) or more of the members of RC CT Avenue Restaurant LLC, namely Defendant Myung Taek Rhim, resides in Silver Spring, Montgomery County, Maryland.

6. Upon information and belief, at all times relevant to this matter (including but not limited to the time at which this matter was commenced), Defendant Chang W. Chon is an individual who resides in Annandale, Fairfax County, Virginia

7. Upon information and belief, at all times relevant to this matter (including but not limited to the time at which this matter was commenced), Defendant Gap Sun Lee (aka Gap Sun Koo) is an individual who resides in Alexandria, City of Alexandria, Virginia

8. Upon information and belief, at all times relevant to this matter (including but not limited to the time at which this matter was commenced), Defendant Myung Taek Rhim is an individual who resides in Silver Spring, Montgomery County, Maryland.

9. Upon information and belief, at all times relevant to this matter (including but not limited to the time at which this matter was commenced), Defendant Sang Hwa Han is an individual who resides in Annandale, Fairfax County, Virginia.

10. Upon information and belief, at all times relevant to this matter (including but not limited to the time at which this matter was commenced), Defendant Hui C. Han is an individual who resides in Annandale, Fairfax County, Virginia

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## THE LEASE OF CERTAIN PREMISES

13. In 2003, Plaintiff Federal National Mortgage Association and Defendant RC CT Avenue Restaurant, LLC, entered into that certain retail lease agreement attached hereto as Exhibit A (said lease herein referred to as the "Original Restaurant Lease") for the lease of the premises more particularly described therein (said premises herein

referred to as the "Restaurant Premises") on the terms also more particularly described therein.

14. The document attached hereto as Exhibit A is a true and authentic copy of the original thereof.

15. The document attached hereto as Exhibit A is a true and authentic copy of the Original Restaurant Lease.

16. On or about October 28, 2003, Defendant RC CT Avenue Restaurant, LLC (by and/or through its agent, employee, and/or member) did, upon information and belief, execute the Original Restaurant Lease.

17. On or about November 18, 2003, Plaintiff Federal National Mortgage Association (by and/or through its agent and/or employee) did execute the Original Restaurant Lease.

18. After the execution of the Original Restaurant Lease, Defendant RC CT Avenue Restaurant, LLC (by and/or through its agents and/or employees), did take physical possession of the Restaurant Premises and did thereafter operate a business in and/or upon the Restaurant Premises.

## FIRST GUARANTORS OF LEASE

19. In 2003, Plaintiff Federal National Mortgage Association, Defendant Chang W. Chon, Defendant Gap Sun Lee (aka Gap Sun Koo), and Defendant Myung Taek Rhim entered into that certain guaranty of lease agreement attached hereto as Exhibit B (said guaranty herein referred to as the "First Guaranty Agreement") on the terms more particularly described therein.

20. The document attached hereto as Exhibit B is a true and authentic copy of the original thereof.

21. The document attached hereto as Exhibit B is a true and authentic copy of the First Guaranty Agreement.

22. On or about October 28, 2003, Defendant Chang W. Chon did, upon information and belief, execute the First Guaranty Agreement.

23. On or about October 28, 2003, Defendant Gap Sun Lee (aka Gap Sun Koo) did, upon information and belief, execute the First Guaranty Agreement.

24. On or about October 28, 2003, Defendant Myung Take Rhim did, upon information and belief, execute the First Guaranty Agreement.

## FIRST AMENDMENT TO LEASE

25. In 2005, Plaintiff Federal National Mortgage Association and RC CT Avenue Restaurant, LLC, amended the Original Restaurant Lease as set forth in and/or otherwise under the terms set forth in that certain First Amendment to Retail Lease attached hereto as Exhibit C (said amendment to lease herein referred to as the "First Amendment").

26. The document attached hereto as Exhibit C is a true and authentic copy of the original thereof.

27. The document attached hereto as Exhibit C is a true and authentic copy of the First Amendment.

28. On or about July 12, 2005, RC CT Avenue Restaurant, LLC (by and/or through its agent, employee, and/or member) did, upon information and belief, execute the First Amendment.

29. On or about July 12, 2005, Defendant Chang W. Chon did, upon information and belief, execute the First Amendment.

30. On or about July 12, 2005, Defendant Gap Sun Lee (aka Gap Sun Koo) did, upon information and belief, execute the First Amendment.

31. On or about July 12, 2005, Defendant Myung Take Rhim did, upon information and belief, execute the First Amendment.

## ASSIGNMENT OF LEASE

32. In 2010, Defendant RC CT Avenue Restaurant, LLC, did assign its interests in, to, and/or under the Original Restaurant Lease, as amended by the First Amendment, as set forth in and/or otherwise under the terms set forth in that certain Consent of Landlord to Assignment of Lease and Acknowledgement By Assignor and Assignment agreement attached hereto as Exhibit D (said assignment of lease herein referred to as the "Lease Assignment") to Defendant Epicurean Foods, LLC.

33. The document attached hereto as Exhibit D is a true and authentic copy of the original thereof.

34. The document attached hereto as Exhibit D is a true and authentic copy of the Lease Assignment.

35. On or about August 31, 2010, Defendant RC CT Avenue Restaurant, LLC (by and/or through its agent, employee, and/or member) did, upon information and belief, execute the Lease Assignment.

36. On or about August 31, 2010, Plaintiff Federal National Mortgage Association (by and/or through its agent and/or employee) did execute the Lease Assignment.

37.     On or about August 31, 2010, Defendant Epicurean Foods, LLC (by and/or through its agent, employee, and/or member), did, upon information and belief, execute the Lease Assignment.

### SECOND GUARANTORS OF LEASE

38.     In 2010, Plaintiff Federal National Mortgage Association, Defendant Sang Hwa Han, and Defendant Hui C. Han entered into that certain guaranty of lease agreement attached hereto as Exhibit E (said guaranty herein referred to as the "Second Guaranty Agreement") on the terms more particularly described therein.

39.     The document attached hereto as Exhibit E is a true and authentic copy of the original thereof.

40.     The document attached hereto as Exhibit E is a true and authentic copy of the Second Guaranty Agreement.

41.     On or about August 31, 2010, Defendant Sang Hwa Han did, upon information and belief, execute the Second Guaranty Agreement.

42.     On or about August 31, 2010, Defendant Hui C. Han did, upon information and belief, execute the Second Guaranty Agreement.

### SECOND AMENDMENT TO LEASE

43.     In 2012, Plaintiff Federal National Mortgage Association and Defendant Epicurean Foods, LLC, amended the Original Restaurant Lease, as amended by the First Amendment, as set forth in and/or otherwise under the terms set forth in that certain Second Amendment to Retail Lease attached hereto as Exhibit F (said amendment to lease herein referred to as the "Second Amendment").

44.     The document attached hereto as Exhibit F is a true and authentic copy of the original thereof.

45.     The document attached hereto as Exhibit F is a true and authentic copy of the Second Amendment.

46.     On or about December 14, 2012, Defendant Epicurean Foods, LLC (by and/or through its agent, employee, and/or member) did, upon information and belief, execute the Second Amendment.

47.     On or about December 14, 2012, Defendant Sang Hwa Han did, upon information and belief, execute the Second Amendment.

48.     On or about December 14, 2012, Defendant Hui C. Han did, upon information and belief, execute the Second Amendment.

## BREACH OF LEASE

49.     The Original Lease Agreement, as amended by the First Amendment and the Second Amendment, provides, among other things, that the tenant thereunder shall make certain payments as more particularly described in said documents (including but not limited to Article Five (4) and Article Twenty (20) therein).

50.     Defendant RC CT Avenue Restaurant, LLC, has failed to perform each and every obligation to be performed by it under the terms of the Original Lease Agreement, as amended by the First Amendment and the Second Amendment.

51.     Defendant RC CT Avenue Restaurant, LLC, has failed to perform each and every obligation to be performed by it under the terms of the Original Lease Agreement, as amended by the First Amendment and the Second Amendment, in that,

among other things, it has failed to pay as required under Article Five (4) and Article Twenty (20) therein.

52. Defendant Epicurean Foods, LLC, has failed to perform each and every obligation to be performed by it under the terms of the Original Lease Agreement, as amended by the First Amendment and the Second Amendment.

53. Defendant Epicurean Foods, LLC, has failed to perform each and every obligation to be performed by it under the terms of the Original Lease Agreement, as amended by the First Amendment and the Second Amendment, in that, among other things, , it has failed to pay as required under Article Five (4) and Article Twenty (20) therein.

54. Defendant RC CT Avenue Restaurant, LLC,'s conduct, as described herein and/or otherwise, constitutes a material breach of the Original Lease Agreement, as amended by the First Amendment and the Second Amendment.

55. Defendant Epicurean Foods, LLC,'s conduct, as described herein and/or otherwise, constitutes a material breach of the Original Lease Agreement, as amended by the First Amendment and the Second Amendment.

56. Prior to the commencement of this lawsuit, Plaintiff Fannie Mae, by counsel, did send that certain document attached hereto as Exhibit G to Defendant Epicurean Foods, LLC, Defendant Chang W. Chon, Defendant Gap Sun Lee (aka Gap Sun Koo), Defendant Myung Taek Rhim, Defendant Sang Hwa Han, and Defendant Hui C. Hun.

57. The document attached hereto as Exhibit G is a true and authentic copy of the original thereof.

58. Despite the demand for payment as set forth in the document attached hereto as Exhibit G, the breach and/or default under the Original Lease Agreement, as amended by the First Amendment and the Second Amendment, has not been cured.

59. As a direct and proximate result of the Defendant RC CT Avenue Restaurant, LLC's conduct, as described herein and/or otherwise, the Plaintiff has suffered damages, including but not limited to $513,121.70, and expects to suffer additional damages until fully repaid.

60. As a direct and proximate result of the Defendant Epicurean Foods, LLC,'s conduct, as described herein and/or otherwise, the Plaintiff has suffered damages, including but not limited to $513,121.70, and expects to suffer additional damages until fully repaid.

61. The Plaintiff has performed and/or is ready, able, and willing to perform each and every obligation to be performed by it under the Original Lease Agreement, as amended by the First Amendment and the Second Amendment.

## COUNT I: BREACH OF CONTRACT
## (AGAINST RC CT AVENUE RESTAURANT, LLC)

62. Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-one (61) as if fully re-written herein.

WHEREFORE, Plaintiff Federal National Mortgage Association, by counsel, respectfully requests that this Court enter judgments against Defendant RC CT Avenue Restaurant, LLC, in the amount of $513,121.70 with pre- and post-judgment interest as permitted under the Original Lease Agreement, as amended by the First Amendment and the Second Amendment, until paid in full, plus additional interest, attorney's fees, collection costs, other costs/fees accrued, incurred, and/or otherwise due and owing in

this matter, and such further relief as the Plaintiff shall otherwise be entitled to under the law.

## COUNT II: BREACH OF CONTRACT
## (AGAINST EPICUREAN FOODS, LLC)

63. Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-one (61) as if fully re-written herein.

WHEREFORE, Plaintiff Federal National Mortgage Association, by counsel, respectfully requests that this Court enter judgments against Defendant Epicurean Foods, LLC, in the amount of $513,121.70 with pre- and post-judgment interest as permitted under the Original Lease Agreement, as amended by the First Amendment and the Second Amendment, until paid in full, plus additional interest, attorney's fees, collection costs, other costs/fees accrued, incurred, and/or otherwise due and owing in this matter, and such further relief as the Plaintiff shall otherwise be entitled to under the law.

## COUNT III: BREACH OF CONTRACT
## (AGAINST CHANG W. CHON, GAP SUN LEE
## (AKA GAP SUN KOO), AND MYUNG TAEK RHIM).

64. Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-one (61) as if fully re-written herein.

65. Defendant Chang W. Chon has failed to pay to the Plaintiff the amounts due and owing to said Plaintiff under the First Guaranty Agreement.

66. Defendant Chang W. Chon's conduct, as set forth herein and/or otherwise, constitutes a material breach of the First Guaranty Agreement.

67. As a direct and proximate result of the Defendant Chang W. Chon's conduct, as described herein and/or otherwise, the Plaintiff has suffered damages,

including but not limited to $513,121.70, and expects to suffer additional damages until fully repaid.

68.  Defendant Gap Sun Lee (aka Gap Sun Koo) has failed to pay to the Plaintiff the amounts due and owing to said Plaintiff under the First Guaranty Agreement.

69.  Defendant Gap Sun Lee's (aka Gap Sun Koo) conduct, as set forth herein and/or otherwise, constitutes a material breach of the First Guaranty Agreement

70.  As a direct and proximate result of the Defendant Gap Sun Lee's (aka Gap Sun Koo) conduct, as described herein and/or otherwise, the Plaintiff has suffered damages, including but not limited to $513,121.70, and expects to suffer additional damages until fully repaid.

71.  Defendant Myung Taek Rhim has failed to pay to the Plaintiff the amounts due and owing to said Plaintiff under the First Guaranty Agreement.

72.  Defendant Myung Tack Rhim's conduct, as set forth herein and/or otherwise, constitutes a material breach of the First Guaranty Agreement.

73.  As a direct and proximate result of the Defendant Myung Tack Rhim's conduct, as described herein and/or otherwise, the Plaintiff has suffered damages, including but not limited to $513,121.70, and expects to suffer additional damages until fully repaid.

WHEREFORE, Plaintiff Federal National Mortgage Association, by counsel, respectfully requests that this Court enter judgments against Defendants Chang W. Chon, Gap Sun Lee (aka Gap Sun Koo), and Myung Taek Rhim, jointly and severally, in the amount of $513,121.70 with pre- and post-judgment interest as permitted under the Original Lease Agreement, as amended by the First Amendment and the Second

Amendment, until paid in full, plus additional interest, attorney's fees, collection costs, other costs/fees accrued, incurred, and/or otherwise due and owing in this matter, and such further relief as the Plaintiff shall otherwise be entitled to under the law

### .COUNT IV: BREACH OF CONTRACT (AGAINST SANG HWA HAN AND HUI C. HAN)

74. Plaintiff hereby incorporates by reference paragraphs one (1) through sixty-one (61) as if fully re-written herein.

75. Defendant Sang Hwa Han has failed to pay to the Plaintiff the amounts due and owing to said Plaintiff under the First Guaranty Agreement.

76. Defendant Sang Hwa Han's conduct, as set forth herein and/or otherwise, constitutes a material breach of the First Guaranty Agreement.

77. As a direct and proximate result of the Defendant Sang Hwa Han's conduct, as described herein and/or otherwise, the Plaintiff has suffered damages, including but not limited to $513,121.70, and expects to suffer additional damages until fully repaid.

78. Defendant Hui C. Han has failed to pay to the Plaintiff the amounts due and owing to said Plaintiff under the First Guaranty Agreement.

79. Defendant Hui C. Han's conduct, as set forth herein and/or otherwise, constitutes a material breach of the First Guaranty Agreement.

80. As a direct and proximate result of the Defendant Hui C. Han's conduct, as described herein and/or otherwise, the Plaintiff has suffered damages, including but not limited to $513,121.70, and expects to suffer additional damages until fully repaid.

WHEREFORE, Plaintiff Federal National Mortgage Association, by counsel, respectfully requests that this Court enter judgments against Defendants Sang Hwa Han


and Hui C. Han, jointly and severally, in the amount of $513,121.70 with pre- and post-judgment interest as permitted under the Original Lease Agreement, as amended by the First Amendment and the Second Amendment, until paid in full, plus additional interest, attorney's fees, collection costs, other costs/fees accrued, incurred, and/or otherwise due and owing in this matter, and such further relief as the Plaintiff shall otherwise be entitled to under the law

                                    Federal National Mortgage Association
                                    By Counsel

_[signature]_

Dean L. Robinson, Esq. (VSB No. 34454)
Atlantic Law Group, LLC
1602 Village Market Blvd. SE, Suite 310
Leesburg, Virginia 20175
(703) 554-6413
(703) 940-9110 (fax)
drobinson@atlanticlawgrp.com